## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **8:17CR379** |
| **vs.** | |
| **CHRISTOPHER H. FREEMONT,** | **MEMORANDUM AND ORDER** |
| **Defendant.** | |

This matter is before the Court on the Findings and Recommendation (F&R), ECF No. 58, issued by Magistrate Judge Susan M. Bazis recommending that the Motion to Suppress filed by the Defendant Christopher H. Freemont (Defendant), ECF No. 44, be denied.  Defendant filed Objections to the Findings and Recommendation, ECF No. 59, as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a). The Government responded to the Objections, ECF No. 60, incorporating its previously filed brief in opposition to the Motion to Suppress.  For the reasons set forth below, the Findings and Recommendation will be adopted, the Objections will be overruled, and the Motion to Suppress will be denied.

## BACKGROUND

Defendant is charged with one count of domestic assault by a habitual offender in violation of 18 U.S.C. § 117.  The indictment alleges that, on or about May 5, 2017, Defendant committed a domestic assault against L.R., after having been previously convicted of assaults against an intimate partner/spouse on four separate occasions. ECF No. 1.

Defendant does not expressly object to the factual findings included in the F&R. Accordingly, the Court adopts the findings in their entirety. Defendant does object to the omission of certain facts which he argues were adduced at the hearing on his Motion to Suppress. To the extent those facts are supported by the record, the Court has considered them. The Court provides the following by way of summary:

On May 5, 2017, L.R. accused Defendant of assault. L.R. reported the accusations to an officer with the Omaha Nation Law Enforcement Services. On May 12, 2017, based on the accusation and the officer's report, the Omaha Tribe of Nebraska charged Defendant with domestic abuse and aggravated assault. Ex. 3. The Omaha Tribal Court arraigned Defendant on May 22, 2017. At the arraignment, Defendant pled not guilty to both counts. The tribal court appointed a public defender, Nate Merrick, to respresent Defendant. Merrick is a "lay advocate" as he is not a lawyer, did not attend law school, and does not have a college degree. Tr. 9. Merrick appeared in tribal court on Defendant's behalf on August 9, 2017, September 15, 2017, and October 25, 2017. A jury trial on the Tribal Court charges was set for December 27, 2017.

On October 1, 2017, Omaha Nation Law Enforcement Services informed FBI Agent Jeff Howard about the alleged assault of L.R. Agent Howard testified that he became aware of the accusations against Defendant when Omaha Nation Police Chief Ed Tyndall provided a report from the Nebraska abuse and neglect hotline, dated September 26, 2017. Tr. 5-6. Chief Tyndall did not tell Agent Howard about Defendant's pending charges in tribal court, nor did Chief Tyndall indicate that the tribe

would be investigating the hotline report.  Tr. 10-11.  After receiving the report, Agent Howard considered the matter to be solely in the hands of the FBI.  Tr. 11.

Agent Howard visited Defendant's home on November 14, 2017, to investigate the assault accusations.  Agent Howard was unaccompanied and he was not working in conjunction with tribal law enforcement in conducting the interview.  Tr. 7.  Agent Howard asked Defendant about the incident that occurred in May 2017, and Defendant told him "that was dropped."  Ex. 1, 0:21-0:26.  Agent Howard asked why it was dropped.  Defendant thereafter made incriminating statements about the events of May 5, 2017.

On December 12, 2017, a grand jury in the District of Nebraska returned the Indictment. The charge in the Indictment was based on the May 5, 2017, incident with L.R.  On December 15, 2017, the Omaha Tribe of Nebraska dismissed its case in favor of the federal prosecution.

Defendant argues that his statements to Agent Howard on November 14, 2017, must be suppressed as a violation of Defendant's Sixth Amendment right to counsel. Defendant argues that Agent Howard violated Defendant's Sixth Amendment right to counsel by questioning Defendant outside the presence of his lay counselor after tribal charges had been filed.  The Magistrate Judge recommends that the Motion to Suppress be denied because Merrick was not an attorney, no evidence shows the FBI and tribal police were working in tandem to investigate Defendant, and, in any case, Defendant's tribal charges are distinct from the charges alleged in the Indictment.

**STANDARD OF REVIEW**

3

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendation. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

**DISCUSSION**

The Sixth Amendment guarantees: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. "Whatever else it may mean, the right to counsel means at least that a person is entitled to the help of a lawyer at or after the time that judicial proceedings have been initiated against him whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *United States v. Bird*, 287 F.3d 709, 713 (8th Cir. 2002) (quoting *Brewer v. Williams,* 430 U.S. 387, 398 (1977)) (internal marks and citation omitted). Thus, as a general rule, "[a]ny statement about the charged crime that government agents deliberately elicit from a defendant without counsel present after the defendant has been indicted must be suppressed under the Sixth Amendment exclusionary rule." *Id.* (citing *Massiah v. United States,* 377 U.S. 201, 207 (1964)). However, "if the right to counsel has not attached, the defendant has no right to the effective assistance of counsel." *United States v. Edelmann*, 458 F.3d 791, 804 (8th Cir. 2006).

The right to counsel had not attached in this case when Agent Howard questioned the Defendant on November 14, 2017. First, the Omaha Tribal Code does not provide a right to counsel in the same way it is guaranteed in the Sixth Amendment;

and the Sixth Amendment does not provide a right to representation by laypersons. Further, no evidence suggests Agent Howard was working in tandem with tribal police, nor is there evidence he was aware of pending charges.

## I. Sixth Amendment Guarantee Under Tribal Law

The first question the Court must address is whether the Sixth Amendment analysis applies in this case. *See Bird*, 287 F.3d at 713 ("The Bill of Rights and the Fourteenth Amendment, however, do not apply directly to tribes."). In *Bird,* the defendant, Red Bird, was originally charged with rape in Rosebud Sioux Tribal Court, which appointed an attorney for him. *Id.* at 711. Two months after the original charges, tribal police notified the FBI about the alleged rape. *Id.* An FBI agent and a tribal investigator then interviewed Red Bird outside the presence of his attorney. *Id.* at 711–12. The question before the court was whether Defendant's Sixth Amendment rights attached at the time of Red Bird's tribal court arraignment. *Id.* at 713.

To answer this question, the court looked to the Indian Civil Rights Act (IRCA), 25 U.S.C. § 1302(6), and the Rosebud Sioux Tribal Constitution. The court noted that although IRCA guaranteed the right to an attorney in tribal court, representation was at a defendant's expense. *Bird*, 287 F.3d at 713. However, the Rosebud Sioux Tribal Constitution guaranteed a right to representation by an attorney, and a right of indigent defendants to representation by a licensed attorney from the tribal public defender's office. *Id.* The "Rosebud Sioux, therefore, have a right to an attorney in tribal court that is similar to the Sixth and Fourteenth Amendment rights to an attorney in federal and state proceedings." *Id.* Thus, at the time the FBI interviewed Red Bird, he "had been appointed an attorney who was licensed to serve him in both tribal and federal court."

*Id.* at 714. "[T]o deny Red Bird the right to counsel after the tribal indictment would deprive him of an attorney at one of the most critical stages of the proceedings against him."

The reasoning in *Bird* produces a different result here for two reasons. First, unlike the Sixth Amendment and the Rosebud Sioux Tribal Constitution, the Omaha Tribal Code does not guarantee indigent defendants a right to representation by a licensed attorney. The Omaha Tribal Code grants a right to representation by a lay counselor or a professional attorney, but the defendant's expense. Df. Ex. 101 at 7, 8. The guarantee of counsel in the Omaha Tribal Code is similar to that contained in IRCA, which the Eighth Circuit suggested was not comparable to the right to counsel conferred under the Sixth Amendment.

Second, Merrick was not "counsel" within the meaning of the law. The Sixth Amendment does not guarantee representation by "an advocate who is not a member of the bar." *Wheat v. United States*, 486 U.S. 153, 159, (1988); *see also Pilla v. Am. Bar Ass'n*, 542 F.2d 56, 58–59 (8th Cir.1976) (affirming district court holding that the word "counsel" in the Sixth Amendment does not include laymen); *Tyree v. United States*, 892 F.2d 958 (10th Cir. 1989) (there is "no Sixth Amendment right to lay counsel"); *United States v. Anderson*, 577 F.2d 258, 261 (5th Cir.1978) (stating "[t]here is no sixth amendment right to be represented by a non-attorney").

In this case, there is no dispute that Merrick was a layperson. Defendant suggests, without explicitly arguing, that Merrick should qualify as "counsel" because the Omaha Tribe refers to his office as its "defense attorney," his position is full-time, and he is bound by the same ethical constraints as licensed attorneys. Despite

6

Merrick's qualifications and experience, he is, by Defendant's own admission, a "lay counselor."  Objections, ECF No. 59 at 5.  Unlike the facts in *Bird*, at the time Agent Howard interviewed Defendant, he had not been appointed an attorney and was therefore not deprived of his attorney.

## II.  Notice of Tribal Proceedings

In *Bird*, the court applied the Sixth Amendment analysis because the defendant had a right to an attorney and had been appointed one at the time of the FBI interview. *Bird*, 287 F.3d at 714.  The court noted that tribal authorities informed the FBI agent of the tribal indictment and the possible violation of federal law.  The FBI agent then "worked in tandem" with tribal authorities to elicit information from Red Bird, "knowing that Red Bird had been indicted in an adversarial proceeding for the same charge and that Red Bird was represented by an attorney on that charge." *Id.*  The court specifically noted that "[t]his is not a case where the federal agent was unaware of the tribal charge or unaware of the defendant's representation by counsel. Rather, it is a case where two sovereigns worked together to investigate conduct that violates the laws of both." *Id.*

Here, there is no evidence that Agent Howard was "working in tandem" with tribal police when he interviewed Defendant.  To the contrary, the evidence shows that Agent Howard was unaware of the tribal charge and unaware of Merrick's lay representation of the Defendant.  Agent Howard testified that Chief Tyndall did not inform him of the charges against Defendant prior to November 14, 2017.   Although the Defendant argues that the two agencies frequently work together, and that Agent Howard had access to Tribal Court dockets and should have checked for pending cases, the Court

finds no reason to infer that Agent Howard had knowledge of the pending Tribal Court charges or that he acted in bad faith to circumvent Defendant's Sixth Amendment rights.

## CONCLUSION

For the reasons discussed above, the Magistrate Judge's Finding and Recommendation will be adopted, and the Motion to Suppress will be denied.

IT IS ORDERED:

1.      The Findings and Recommendation, ECF No. 58, are adopted;

2.      The Motion to Suppress, filed by the Defendant Christopher H. Freemont, ECF No. 44, is denied;

3.      The Objections to the Findings and Recommendation, ECF No. 59, are overruled; and

4.      The Clerk of Court is instructed to terminate the Response to Objection, ECF No. 60.


Dated this 25th day of June, 2018.


                                        BY THE COURT:

                                        s/Laurie Smith Camp
                                        Chief United States District Judge